**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| SIRIUS A. SURRATT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:12-7186** |
| | ) | |
| BECKLEY PAIN CLINIC, PLLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Having examined the several documents which Plaintiff has filed and the Clerk has regarded as her Complaint, the undersigned finds that the documents are not in compliance with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure and hereby respectfully recommends that the District Court dismiss this matter without prejudice unless Plaintiff amends her Complaint within the time period by which she must file objections to this Proposed Findings and Recommendation to allege facts and circumstances properly from which the Court can gather (1) that it has jurisdiction over her claims, (2) she had a disability cognizable under the Americans with Disabilities Act [ADA] on June 13, 2011, and Defendant committed an act of discrimination prohibited by the ADA (denied her services because of her disability) and (3) the nature and amount of the relief which she requests.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 31, 2012, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and Costs and several documents which the Clerk identified as a letter-form Complaint. (Document Nos. 1 and 2.) Plaintiff filed as the documents comprising her Complaint

(1) a letter dated October 24, 2012; (2) a Notice of Right to Sue of the West Virginia Human Rights Commission; (3) Plaintiff's Memorandum of Complaint filed in the West Virginia Human Rights Commission on September 13, 2011; (4) a letter bearing no signature dated October 12, 2012, from the West Virginia Attorney General's Office to Plaintiff about Plaintiff's Human Rights Commission action; and (5) a Certificate of Service whereby Ms. Phyllis A. Carter, Acting Executive Director of the West Virginia Human Rights Commission, indicates that she served a Disposition Letter pertaining to Plaintiff's Human Rights Commission action upon Plaintiff and Defendant on October 22, 2012.

In her October 24, 2012 letter, Plaintiff complains without indicating the basic facts underlying her dispute with Defendant that she and Defendant could not agree upon terms and conditions to resolve that dispute and expresses concern that Defendant might discredit and retaliate against her. The West Virginia Human Rights Commission's Notice of Right to Sue states as follows:

> This is your **NOTICE OF RIGHT TO SUE.** It is issued pursuant to the requirements of West Virginia Code § 5-11-13(b), as amended, which provides that a Notice of Right to Sue be issued upon dismissal of a Human Rights Commission complaint for any reason other than an adjudication of the merits of the case.

> Your case has been dismissed because: (1) the Commission found no probable cause upon your complaint, (2) you elected not to proceed with your complaint at the Commission, or (3) an administrative closure was proper.

The Notice also provides that Plaintiff had ninety days after the postmarked date indicating when the Notice was mailed or until the applicable statute of limitations expired if after the ninety day period to file suit. Plaintiff's September 13, 2012, Memorandum of Complaint sets forth Plaintiff's claims before the West Virginia Human Rights Commission. Plaintiff claimed that on or about June

13, 2011, Defendant violated the West Virginia Human Rights Act by discriminating against her on the basis of "Disability, MRSA colonization[1], Chronic Pain, Fybromyalgia and any other disabilities whether actual or perceived." The Memorandum of Complaint alleges that Plaintiff was referred to Defendant by her treating physician for chronic pain and fibromyalgia consultation and went to Defendant for examination and consultation on June 13, 2011. A nurse entered the examination room and determined that Plaintiff was suffering from MRSA colonization and immediately left the room. Another nurse entered the room and said "[h]ow dare you come here and put our pregnant nurses in jeopardy." The nurse then ordered plaintiff to leave and accused Plaintiff of contaminating the building. The record also contains a copy of a letter to Plaintiff from the Civil Rights Division of the West Virginia Attorney General's Office dated October 12, 2012, indicating that Plaintiff and a representative of Defendant attended a "NPC Review" at that office on September 27, 2012, and discussed "a possible conciliation or settlement" of her claim. The remainder of the letter indicates that Defendant made an offer of a year's supply of a skin cleanser and $500 and Plaintiff rejected it and requested a right to sue letter. It appears from a Certificate of Service that Ms. Phyllis Carter, Acting Executive Director of the West Virginia Human Rights Commission, sent the October 12, 2012, letter to Plaintiff on October 22, 2012. Thus, it appears that Plaintiff is claiming in this matter that Defendant discriminated against her on the basis of a disability, i.e., MRSA colonization, chronic pain and fybromyalgia.

---

[1] MRSA is the acronym for an antibiotic resistant bacteria known as Methicillin Resistant Staphylococcus Aureus. MRSA colonization occurs when a person has the bacteria on his or her body. Most people with MRSA colonization do not know that they are colonized and have no symptoms. No treatment is ordinarily necessary. MRSA infection occurs when the bacteria invades a sore or wound on a person's body.

**THE STANDARD**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising her Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, ___ Fed. Appx. ___, 2014 WL 7192290 (4th Cir. (Md.) Dec. 18, 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se*

Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

In submitting her Complaint, Plaintiff was required to comply with the general rules of pleading as set forth at Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

**(1)** a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

The documents comprising Plaintiff's Complaint are not in compliance with Rule 8(a). Plaintiff makes no statement respecting the grounds for the Court's jurisdiction and does not allege facts and circumstances showing that she is entitled to relief. Plaintiff has filed the copies of documents deemed to have initiated this matter intending to complain of disability discrimination pursuant to the West Virginia Human Rights Act, *W.Va.Code* § 55-11-1, *et seq.* The West Virginia Human Rights Act provides that "[i]t is the public policy of the state of West Virginia to provide all of its citizens . . . equal access to places of public accommodations . . .." *W.Va.Code* § 55-11-2. The Act provides that "[t]he term 'discriminate' or 'discrimination' means to exclude from, or fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry,

5

sex, age, blindness, disability, or familial status and includes to separate or segregate[.]" *W.Va.Code* § 55-11-3(h). The Act defines "place of public accommodations" as "any establishment . . . which offers its services, goods, facilities, or accommodations to the general public . . .." *W.Va.Code* § 55-11-3(j). The Act defines "disability" as follows:

> (1) A mental or physical impairment which substantially limits one or more of such persons major life activities. The term 'major life activities' includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working;
>
> (2) A record of such an impairment; or
>
> (3) Being regarded as having such impairment.

*W.Va.Code* § 55-11-3(m); see also *W.Va.Code* § 55-11-9(6), stating that it is an unlawful discriminatory practice to refuse the services of "any place of public accommodations".

Plaintiff's claims under the West Virginia Human Rights Act do not suffice to state a claim for relief cognizable in this Court. Rather, it would appear that Title III of the ADA might apply to Plaintiff's claims and this Court might have jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). Simmons v. Wheeling Island Gaming, Inc., 2012 WL 1752686 (N.D.W.Va.)(District Judge Stamp).[2] Title III of the Americans with Disabilities Act provides generally that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment

---

[2] "Title III of the ADA does not require administrative exhaustion." *Robinson v. Carealliance Health Services*, 2014 WL 4402684 (D.S.C.). Plaintiff therefore was not required to undertake proceedings in the West Virginia Human Rights Commission before initiating this matter. Title III of the ADA does not contain a statute of limitations. Under these circumstances, Courts adopt the most analogous State statute. The *W.Va. Code* § 55-2-12(b) two-year statute of limitations is deemed applicable in ADA proceedings. *Simmons v. Wheeling Island Gaming, Inc.*, 2012 WL 1752686 (N.D.W.Va.) The circumstances about which Plaintiff complains occurred on June 13, 2011, and Plaintiff filed the documents construed as her complaint on October 31, 2012, within the two-year period of limitations.

of . . . accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). The Act

defines "disability" as follows at 42 U.S.C. § 12102:

(1) Disability

The term "disability" means, with respect to an individual

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment (as described in paragraph (3)).

(2) Major Life Activities

(A) In general

For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

(B) Major bodily functions

For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

(3) Regarded as having such an impairment

For purposes of paragraph 1(c):

(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

(B) Paragraph(1)(C) shall not apply to impairments that are transitory and

minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

"To properly state a cause of action under Title III, a plaintiff must show: (1) that he is disabled within the meaning of the ADA; (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability; and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." Clement v. Satterfield, 927 F.Supp.2d, 297, 312 (W.D.Va. 2013). To state a claim for relief under the ADA, therefore, Plaintiff was required to state facts and circumstances indicating that on June 13, 2011, she had a physical or mental impairment which substantially limited one or more of her major life activities, she had a record of such an impairment or she was regarded as having such an impairment. While it appears that Plaintiff went to Defendant's premises on June 13, 2011, for an examination and consultation respecting chronic pain and fibromyalgia, there is no indication in the documents which Plaintiff has submitted that she was disabled as a consequence of these or any other medical conditions then or at any time beforehand. Plaintiff further does not allege that Defendant engaged in discriminatory conduct of the type that is prohibited under the ADA. Finally, though it would appear that Plaintiff is seeking monetary relief, Plaintiff has not stated a demand for relief.

Because Plaintiff has not (1) stated that she initiated this action under the ADA, (2) alleged facts and circumstances indicating that she had a disability within the meaning of the ADA on June 13, 2011, and that Defendant's conduct constituted discrimination prohibited under the ADA and (3) stated a demand for relief, the undersigned respectfully recommends that this matter be dismissed

unless Plaintiff amends her allegations to conform with the requirements of Federal Rule of Civil Procedure 8(a).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket unless Plaintiff amends her Complaint within the time period by which she must file objections to this Proposed Findings and Recommendation to allege facts and circumstances properly from which the Court can gather (1) that it has jurisdiction over her claims, (2) she had a disability cognizable under the Americans with Disabilities Act [ADA] on June 13, 2011, and Defendant committed an act of discrimination prohibited by the ADA (denied her services because of her disability) and (3) the nature and amount of the relief which she requests.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review

by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v.</u>

<u>Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright</u>

<u>v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this

Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Plaintiff, who is acting *pro se*.

Date: January 13, 2015.

R. Clarke VanDervort
United States Magistrate Judge