IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


SIRIUS A. SURRATT,

          Plaintiff,

v.                                    Civil Action No: 1:12-07186

BECKLEY PAIN CLINIC, P.L.L.C.,

          Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's application to proceed without prepayment of fees or costs.  (Doc. No. 1).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 3).  The magistrate judge submitted his proposed findings and recommendations ("PF&R") on January 13, 2015.  (Doc. No. 6).  In the PF&R, Magistrate Judge VanDervort recommended that the court deny plaintiff's application to proceed without prepayment of fees or costs and dismiss her complaint unless plaintiff filed an amended complaint within the time period allowed for objections.  The PF&R further stated that, in her amended complaint, plaintiff must allege facts and circumstances by which the court could gather:  (1) that it has jurisdiction over her claims; (2) that

1

plaintiff had a disability cognizable under the Americans with
Disabilities Act ("ADA") on June 13, 2011 and that defendant
committed an act of discrimination prohibited by the ADA; and
(3) the nature and amount of the relief she requests.  (Doc. No.
6 at 9).

In accordance with the provisions of 28 U.S.C. § 636(b),
plaintiff was allotted fourteen days, plus three mailing days,
in which to file any objections to the PF&R.  Plaintiff timely
filed an amended complaint on January 20, 2015.  (Doc. No. 8).
However, because plaintiff's amended complaint fails to comply
with the general rules of pleading, the court must dismiss her
amended complaint.

## I.   __Background__

Plaintiff's amended complaint consists of a letter with two
attachments:  (1) an amended complaint filed with the West
Virginia Human Rights Commission, (Doc. No. 8 at 4-5), and (2)
what appears to be a background information form originally
submitted to the West Virginia Human Rights Commission.  (Doc.
No. 8 at 3).  In these documents, plaintiff alleges that, on
June 13, 2011, defendant denied plaintiff a "public
accommodation" to its facility.

According to plaintiff, when she went to defendant's
facility for a scheduled appointment, a nurse taking her vital

signs was informed that plaintiff has a MRSA colonization.[1]  The
nurse then "went flying out of the room."  (Doc. No. 8 at 3).
Soon thereafter, another employee chastised plaintiff for coming
to the clinic and "putting [the] pregnant nurses in jeopardy."
Id.  The employee told plaintiff to leave, as she was
"contaminating the building."  Id.  Plaintiff left, "crying and
embarrassed," and without a follow-up appointment.  Id.
Plaintiff states that she still suffers chronic pain and "had to
go back on antidepressants" as a result of her treatment at
defendant's facility.  Id.

In plaintiff's attached filing with the West Virginia Human
Rights Commission, plaintiff alleges that she experienced
unlawful discrimination related to her "[d]isability, MRSA
colonization, Chronic Pain, Fibromyalgia, and any other
disabilities whether actual or perceived."  (Doc. No. 8 at 4).
While plaintiff refers to settlement negotiations with
defendant, in which she requested damages, plaintiff makes no
demand for relief in her amended complaint.

II.  **Standard of Review**

As plaintiff has moved the court to proceed without
prepayment of filing fees and costs, the court must screen her

---

[1] Methicillin Resistant Staphylococcus Aureus, or "MRSA," is an
antibiotic resistant bacteria.  A MRSA colonization can occur in
an individual who carries the bacteria in his or her body, but
displays no signs of illness or infection. See
http://www.vdh.virginia.gov/Epidemiology/Surveillance/MRSA/.

initial filings and dismiss a complaint that lacks merit.  28
U.S.C. § 1915; see also Eriline Co. S.A. v. Johnson, 440 F.3d
648, 656 (4th Cir. 2006).  If plaintiff's complaint fails to
state a claim upon which relief can be granted, the court must
dismiss it.  28 U.S.C. § 1915(e)(2)(B)(ii) (2014).  Pursuant to
Rule 8(a) of the Federal Rules of Civil Procedure, the pleading
must contain:

> (1) a short and plain statement of the grounds for the
> court's jurisdiction, unless the court already has
> jurisdiction and the claim needs no new jurisdictional
> support;
> (2) a short and plain statement of the claim showing
> that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include
> relief in the alternative or different types of
> relief.

(2014).  These are precisely the three areas to which Magistrate
Judge VanDervort drew attention in his PF&R and recommended
dismissal of plaintiff's complaint if she failed to file an
amended complaint that fulfilled these requirements.

As plaintiff is proceeding pro se, the court holds her
filings to a less stringent standard than if a lawyer prepared
the documents.  See Haines v. Kerner, 404 U.S. 519, 520-21
(1972).  However, plaintiff's pro se status does not relieve her
from fulfilling the basic pleading standards espoused in Rule 8.
See Kostenko v. Ranavaya, Civil Action No. 5:08-cv-00462, 2008
WL 691684, at *7 (S.D.W. Va. Mar. 12, 2008); see also Spencer v.

Hedges, 838 F.2d 1210, 1210 (4th Cir. 1988) (unpublished);

Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).

### III. **Discussion**

Having reviewed plaintiff's amended complaint, the court
finds that it fails to comply with Rule 8(a).  In the PF&R,
Magistrate Judge VanDervort concluded that plaintiff's complaint
failed to meet any of the three requirements of Rule 8(a).  The
PF&R specifically detailed the areas which plaintiff needed to
remedy in order to survive dismissal.  While plaintiff filed an
amended complaint within the time frame set forth in the PF&R,
she did not follow the PF&R's directive to address the areas in
which her initial complaint was deficient.  As a result, the
court must dismiss her complaint.

### A. Statement of Jurisdiction

Plaintiff's amended complaint is subject to dismissal
because it fails to fulfill Rule 8(a)'s first requirement.  Rule
8(a)(1) requires a plaintiff to set forth the grounds for a
court's jurisdiction.  Plaintiff's amended complaint fails to do
so and, indeed, fails to make any reference regarding
jurisdiction.

Construing plaintiff's amended complaint and corresponding
documents liberally, she appears to argue that defendant
violated the West Virginia Human Rights Act.  However, as
detailed in the PF&R, plaintiff's claims under the West Virginia

Human Rights Act do not suffice to state a claim for relief cognizable in this court. Furthermore, if plaintiff is contending that the court has jurisdiction over her claim through diversity of citizenship under 28 U.S.C. § 1332, her failure to make any demand for relief leaves the court unable to determine the amount in controversy.

Additionally, plaintiff fails to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. In the PF&R, Magistrate Judge VanDervort concluded that Title III of the Americans with Disabilities Act ("ADA") might apply to plaintiff's case. But plaintiff's amended complaint fails to reference the ADA or any other federal law. Because the amended complaint contains no reference to the grounds for the court's jurisdiction and offers no way to determine whether jurisdiction is proper, it fails the requirement of Rule (8)(a)(1) and dismissal is appropriate.

## B. Entitlement to Relief

Secondly, plaintiff's complaint is subject to dismissal because it does not contain a short and plain statement of plaintiff's claim showing that she is entitled to relief as required by Rule 8(a)(2). As noted in the PF&R, plaintiff's

claims under the West Virginia Human Rights Act do not suffice to state a claim for relief cognizable in this court.[2]

As discussed above, plaintiff's only potential cause of action under federal law is Title III of the ADA. Under this provision, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . accommodations of any place of public accommodation. . . ." 42 U.S.C. § 12182(a) (2014). To state a cause of action pursuant to Title III of the ADA, a plaintiff must show:

> (1) that he is disabled within the meaning of the ADA;
> (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation;
> (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability; and
> (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

Clement v. Satterfield, 927 F. Supp. 2d 297, 312 (W.D. Va. 2013) (internal citations omitted). The statutory definition of "disabled" provides:

> (1) Disability
> The term "disability" means, with respect to an individual--
> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

---

[2] Furthermore, the PF&R instructed plaintiff to amend her complaint "to allege facts and circumstances properly from which the Court can gather . . . she had a disability cognizable under the Americans with Disabilities Act [ADA] on June 13, 2011." (Doc. No. 6 at 9).

7

(B) a record of such an impairment; or
(C) being regarded as having such an impairment. . . .

42 U.S.C. § 12102 (2014).

After considering plaintiff's amended complaint, the court concludes that plaintiff has failed to offer a short and plain statement showing that she is entitled to relief.  From the face of plaintiff's amended complaint, it is unclear which condition rendered her disabled.  Plaintiff states that she sought treatment at defendant's facility for "Chronic Pain and Fibromyalgia." (Doc. No. 8 at 5).  However, once nurses discovered that she suffered from a MRSA colonization, an employee asked her to leave.  Id.  And in her accompanying documentation, plaintiff asserts that she suffered discrimination related to all three.  (Doc. No. 8 at 4).  Plaintiff provides the court with no information regarding which of these conditions disabled her or whether any of these conditions substantially limited one or more major life activities.  Plaintiff provides no record of her impairments or whether she was regarded as having such an impairment.

As plaintiff fails to identify which among her ailments was her disability, she correspondingly fails to identify how defendant discriminated against her as a result of a disability.  Furthermore, plaintiff makes no mention of defendant's status as a public or private entity or whether defendant failed to make a

reasonable modification that would accommodate her disability. As a result, plaintiff's pleading fails to demonstrate that she is entitled to relief.  Consequently, the court concludes that plaintiff fails to state a claim pursuant to the ADA in her amended complaint and, as a result, fails to comply with the pleading requirements of Rule 8(a)(2).

### C. Demand for Relief

Finally, plaintiff's amended complaint does not comply with the pleading requirements because it fails to make any demand for relief.  Under Rule 8(a)(3), a complaint must include a demand for the relief a plaintiff seeks.  Ostensibly, plaintiff seeks monetary relief, but the amended complaint contains no such demand.  As a result, the court cannot determine the relief that plaintiff seeks and must conclude that her amended complaint fails to comply with Rule 8(a)'s pleading requirements.

### IV.   Conclusion

Having reviewed plaintiff's amended complaint, the court concludes that it fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure and, as a result, the court cannot permit plaintiff to proceed without the prepayment of fees. Accordingly, the court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** plaintiff's application to proceed without prepayment of fees, (Doc. No. 1), **DISMISSES**

plaintiff's amended complaint, (Doc. No. 8), and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 4th day of March, 2015.

ENTER:

David A. Faber
Senior United States District Judge